UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE FLINT AREA SHEET
METAL WORKERS HEALTH AND
WELFARE FUND, SHEET METAL
WORKERS LOCAL NO. 533 PENSION
FUND, NATIONAL TRAINING FUND,
FLINT AREA ASSOCIATION OF SHEET
METAL CONTRACTORS, and SHEET METAL
WORKERS INT'L ASSOC. LOCAL 7, ZONE 4,

                                      Case Number 07-10183
                Plaintiff,            Honorable David M. Lawson
v.                                      Magistrate Virginia M. Morgan

J.W.A. INDUSTRIES, L.L.C. and JOHN
W. ANDERSON,

                Defendants.
_____/

## ORDER GRANTING MOTION FOR SUBSTITUTION OF PARTY AND REQUIRING ISSUANCE OF NEW SUMMONS AND SERVICE ON SUBSTITUTED DEFENDANT

On May 14, 2007, the plaintiffs filed a motion in which they informed the Court of the death of defendant John W. Anderson. On May 17, 2007, the Court ordered the plaintiffs to take action to substitute the appropriate defendant. On May 29, 2007, the plaintiffs filed a motion to substitute the Estate of John W. Anderson for the deceased defendant John W. Anderson. The motion was served on William J. Cavanaugh, attorney for the Estate of John W. Anderson. Federal Rule of Civil Procedure 25 allows the court to substitute "the proper parties" where death of a party does not extinguish the claim. Fed. R. Civ. P. 25(a)(1).

Whether a federal action survives the death of a party is governed by federal law and is determined by "whether the statute under which the plaintiff is claiming is 'penal or remedial in character.'" *Cook v. Hairston*, 948 F.2d 1288, *6 (6th Cir. 1991) (table) (quoting *Smith v. Dept. of Human Serv.*, 876 F.2d 832, 835 (10th Cir. 1989). Claims pursuant to remedial statutes survive the

death of a party while an action for a penalty does not. *Ibid*. ERISA is a remedial statute, *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002), and therefore the plaintiffs' claim against John W. Anderson survives Mr. Anderson's death. *See also Khan v. Grotnes Metalforming Sys., Inc.*, 679 F. Supp. 751, 756-57 (N.D. Ill. 1988) ("Congress intended ERISA to be remedial legislation . . . Thus, plaintiffs' ERISA claim also survived the death of defendant Mack.").

Accordingly, it is **ORDERED** that the motion for substitution of party [dkt # 8] is **GRANTED.** The estate of John W. Anderson is substituted as a party in this case for defendant John W. Anderson.

It is further **ORDERED** that the plaintiffs shall present a new summons to the Clerk on or before **June 7, 2007** to be issued to the substituted defendant.

It is further **ORDERED** that the plaintiffs shall serve the substituted defendant with a copy of the summons and complaint as required by Fed. R. Civ. P. 4 on or before **July 12, 2007**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 31, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2007.

s/Felicia M. Moses
FELICIA M. MOSES